# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                                                 **Case No:   6:15-cv-1906-Orl-31DAB**

**JOY GROCERY, INC. and ESTATE OF
NICHOLAS ALLIGOOD,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Motion for Default Judgment (Doc. No. 26)
>
> **FILED:** May 26, 2016
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This is an action for Declaratory Judgment brought by Plaintiff Endurance American Specialty Insurance Company ("Endurance") against Defendants Joy Grocery, Inc. ("Joy Grocery") and the Estate of Nicholas Alligood ("the Estate") to determine Endurance's obligations under an insurance policy issued to Joy Grocery, as that insurance policy relates to potential claims of bodily injury and wrongful death asserted against Joy Grocery by the Estate. The Estate has appeared in this action, and has filed an Answer (Doc. 8), contesting the alleged lack of insurance coverage. Following entry of a Clerk's Default against Joy Grocery (Doc. 19), Endurance brings the instant

motion, seeking entry of a Final Default Judgment against Joy Grocery. For numerous reasons, the motion should be denied.

The motion is exceptionally short (2 pages), and includes no "concise statement of the precise relief requested" or memorandum of legal authority, as required by Local Rule 3.01(a). Endurance merely recites that "service was properly effectuated upon Joy Grocery;" a clerk's default was entered; and "in accordance with Fed. R. Civ. P. 55(b)(2)," requests "entry of a Final Default Judgment" against Joy Grocery, with no proposed judgment tendered and no indication as to what that judgment should include.

Additionally, the sparse representations made in the motion with respect to service of process on Joy Grocery are questionable on their face. According to the Complaint, which was filed November 10, 2015, Endurance had issued an insurance policy to "Joy Grocery"[1] and:

> At all material times hereto, Defendant, Joy Grocery, was and is a Florida Profit Corporation with its principal place of business at 5045 US Highway 17, Deleon Springs, Florida 32130, Volusia County, Florida.
> (Doc. 1, Allegation 6)

According to the Proof of Service (Doc. 16), however, the Process Server received the Summons "to be served on Joy Grocery, Inc. *N/K/A J&Z Family Store, Inc.* C/O Jamal Uddin *Registered Agent Of J&Z Family Store Inc.,* 5045 Us Hwy 17, Deleon Springs, FL 32130" (emphasis added). Further, the Complaint was served on "Jama Uddin as Registered Agent/Owner for Joy Grocery, Inc. N/K/A J&Z Family Store, Inc. C/O Jamal Uddin Registered Agent of J&Z Family Store, *at the alternate address* of: 981 Cascade Park Trail, Deland, FL." (emphasis added). The Process Server explained: "I attempted the provided address and found that it was a closed down store. I searched sunbiz and found that the owners address was listed as 981 Cascade Park Trail Deland, Florida." (Doc. 16).

---

[1] The Policy is attached to the Complaint and reflects issuance to "Joy Grocery, Inc." (Doc. 1-2).

A check of the public record referenced by the Process Server shows that, contrary to the allegations of the Complaint, Joy Grocery, Inc. was voluntarily dissolved on January 26, 2015, well prior to the filing of this lawsuit, and, contrary to the averments of the Process Server, its registered agent was not Jama Uddin, but Foysal Ahmed.[2] There is no mention of J&Z Family Store, Inc. and no mention of Jama Uddin in Joy Grocery's incorporation papers, annual report or voluntary dissolution filed with the State. Although Endurance asserts in the case style that Joy Grocery is "now known as" J&Z Family Store, there is no evidence of that here, and, in fact, nothing in the public filings of *either* corporation supports that conclusion. In sum, Endurance served a *different* corporation, through service on a *different* registered agent, at a *different* address. There is no showing that service on J&Z Family Store, Inc. is legally sufficient service on Joy Grocery, let alone that J&Z Family Store is the real party in interest with respect to an insurance policy issued to a different, since dissolved corporation. It is axiomatic that a judgment cannot be entered against a party who is not properly before the Court.

Even if the foregoing was not enough to recommend denial of the motion, the suit seeks a declaration of rights against Joy Grocery *and* the Estate, and the Estate has appeared and contested the allegations. In this posture, the risk of inconsistent adjudications counsels against entering judgment against only one Defendant. *See Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872); *Cf. Drill South, Inc. v. Int'l Fidelity Ins. Co.,* 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that "*Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications.")  This district has followed *Frow* and has been sensitive to this risk. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.*, No. 6:05-CV-136-ORL-DAB, 2007 WL

---

[2] *See* http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=JOYGROCERY%20P130000824330&aggregateId=domp-p13000082433-196446ce-91ab-4684-b7a6-23627ecc2fc6&searchTerm=Joy%20Grocery%20Inc.&listNameOrder=JOYGROCERY%20P130000824330

4557247 (M.D. Fla. 2007), affirmed, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, *1 (M.D. Fla. July 11, 2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott,* No. 6:07-cv-958-Orl-18DAB, 2008 WL 4104137 (M.D. Fla. Aug. 6, 2008). In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir.1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). As Defendants here are similarly situated in that both stand to benefit from coverage, absent any indication that entry of final judgment **solely** against Joy Grocery is necessary or appropriate at this point, the Court recommends against proceeding in piecemeal fashion. *See also* Rule 54(b), Fed.R.Civ.P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.").

It is therefore **respectfully recommended** that the motion be **denied.** It is further **recommended** that the clerk's default be **vacated.** If adopted, this recommendation is without prejudice to the filing of a motion, supported by good cause and a memorandum of legal authority, to enter a clerk's default against Joy Grocery, should Endurance be able to establish that service on J&Z Family Store, Inc. is legally effective to bring Joy Grocery before the Court.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 2, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy